## CAMDEN & CO. v. STEAM BOAT GEORGIA.

1. In a complaint filed against a steam boat for mal-performance of the contract of affreightment, for the transportation and delivery of property, the description of the property need not be more particular, than the description of the same contained in the bill of lading.
2. It is no objection to the complaint, that the subject matter thereof, is stated in different ways, so as to suit the evidence the plaintiff may be able to produce.
3. The complaint may be amended like a common law declaration; and, it is the duty of the court to grant permission to amend, as in ordinary cases at common law.

Error to the circuit court of St. Louis county.

*Bogy and Hunton for Plaintiff.*

By the record and assignment of errors in this case, these two questions are presented for the consideration of this court:

MAY TERM          1st. Is the complaint against the boat defective or insuffi-
1840.         cient, either in form or substance?

Campden & co          2nd. Did the court err in rescinding its order granting
vs          leave to the plaintiff to amend; or in other words, can a
Steam boat          complaint under the statute against a steam boat be amen-
Georgia.         ded?

1st. By the statute authorising proceedings against steam
boats, it is required, that the complaint shall set forth the
plaintiffs demand in all its particulars, and on whose account
the same accrued, and shall be verified by affidavit. See
Mo. Statutes page 103.

In this complaint there has been a compliance with all
these requisitions. The particulars of the demand are set
forth.

2nd. Even if it be conceded, that the complaint is defec-
tive, surely the plaintiffs, on this application, should have
had leave to amend. See session acts 1838 and 9, page 14,
section 6.

*Drake and Engle for Def'ts.*

The defendant contends, that the circuit court was right,
in the first place, in sustaining the demurrer, and afterwards
in rescinding the leave to amend, and entering judgment on
the demurrer.

In support of the first position, the causes of special demur-
rer, set out in the record, are relied on here.

First. That the complaint purporting to contain a cause
of action against the boat, contains only a cause of action
against the master.

Second. That the complaint purporting to set out the de-
mand of the plaintiffs, "in all its particulars," does not so
set it out, but sets it out in general terms, contrary to the
requirement of the statute. See act first mentioned, Revi-
sed Code, p. 102, § 4.

Third. That the complaint, being sworn to by one of the
plaintiffs, contains three counts, each repugnant to, and in-
consistent with the others.

Fourth. That the complaint and the affidavit subjoined
are repugnant to and inconsistent with each other, for that the

amount of damages laid in the complaint is different from and greater than that sworn to in the affidavit.

MAY TERM.
1840.

Camden & co:
vs
Steam boat
Georgia.

Fifth. That the complaint and the warrant thereon issued are repugnant to and inconsistent with each other, because the damages laid in the complaint are greater than the amount stated in the warrant.

Sixth. That the complaint contains no cause of action against the Boat, for that there is no contract of affreightment alledged to have been entered into by the master, owner, agent or consignee of the boat for and on her behalf, for the non-performance of which the said boat is liable in this form of action. First sect. of the 6th art. of the practice act (Rev. Code p. 467.)

*Opinion of the Court delivered by Tompkins Judge.*

Camden & Co., under the provisions of the act of 19th of March 1835, p. 102, of the digest of that year, commenced their action against the steam boat Georgia in the circuit court of St. Louis county, and that court having given judgment against them, they prosecute their writ of error to reverse that judgment.

The first count in the declaration contains a statement, that the master and commander of the steam boat Georgia, lying at Pittsburg, received on board of said boat, 16 bales of dry goods, one bale of dry goods, one cask hard ware, one box of shoes, four band boxes, and one trunk, all in good order, &c. to be conveyed and safely delivered at St. Louis, to said Camden & Co., the unavoidable dangers of the river navigation and fire excepted; and that the said Short did deliver a part of said goods, &c., at St, Louis, but did not take care of, and safely and securely convey the residue of said goods and merchandize, on board of said steam boat as aforesaid, from Pittsburg to St. Louis, and deliver the same to the plaintiffs, but that the remaining part of said goods &c., of the value of one thousand dollars, was wholly lost.

In the second count it is stated, that the plaintiffs caused to be delivered to said Short, on board of said boat, divers other goods and merchandize of the like number, quantity, quality description and value as those in the first count men-

MAY T'ERM
1840.
Camden & co.
vs.
Steam boat
Georgia.

tioned, to be taken care of, &c., delivered to the plaintiffs at St. Louis; and that said Short took so little care of said goods, &c., that the said goods, being of the value aforesaid, were wholly lost to the plaintiffs, &c.

In the third count it is stated, that in consideration that the said Short, at his special instance and request, had the care and custody of divers goods and merchandize of the said plaintiffs, to wit: goods and merchandize of the like number, quantity, quality, description and value, as those in the first count mentioned, he the said Short undertook, &c., to take due and proper care thereof, but took so little care that the said goods, &c., were taken and abstracted from the boxes, &c., and wholly lost to the said plaintiffs, to their damage of one thousand dollars, &c.

The act above mentioned provides, in the second section, that any person having a demand against the owners of a boat for damages for the non-performance, or mal-performance of a contract of affreightment, or of any contract touching the transportation of property instead of proceeding against the master, owner, agent or consignee of the boat, may at his option, institute suit against such boat by name. In the fourth section the act provides, that the complaint shall set forth the plaintiff's demand in all its particulars, and on whose account the same accrued; it shall be verified by affidavit either of the plaintiff or of some credible person for him, and shall stand in lieu of a declaration.

To this declaration a demurrer was filed; the plaintiffs applied for leave to amend; leave was given them, and the order of court granting the leave to amend was rescinded, and on demurrer the judgment of the court was given for the defendant. To sustain his demurrer, the defendant in error contends: 1st. That the complaint, purporting to set out the demand of the plaintiff's in all its particulars, does not so set it out; but sets it out in general terms, contrary to the requirement of the statute. 2d. That the complaint being sworn to by one of the plaintiff's contains three counts, each repugnant to, and inconsistent with the other. 3d. That the circuit court committed no error in rescinding the order granting leave to amend.

1st. The first objection urged against the declaration seems, for any thing appearing on the record, to be of no force, so far as it concerns the first count in the declaration. In that count it is stated that Short received on board 16 bales of dry goods, and 1 bale of goods, one cask of hardware, one box shoes, four band boxes, and one trunk. It could answer no good purpose to the defendant to have any statement more particular than that of the number of boxes &c. delivered to him. If the steam boat proves that the boxes, &c. were delivered by it in such order as they were received, it has proved all that is necessary to throw the burthen of proving special damage on the complainant. It can never be expected that the agents of a boat can or will examine the contents of a box or package of goods, which they undertake to transport; it would avail them nothing then, to state in the complaint the contents of such box or package. The plaintiffs will be compelled to resort to testimony to prove the contents of such box or package when delivered to the boat, and the quantity deficient or damaged when delivered to them. The complaint then appears to be sufficiently particular.

The second objection, viz. that the complaint sworn to, contains three counts, each inconsistent and repugnant to the others is, in my opinion, equally unfounded. The act requires that the complaint shall be verified by affidavit. The substance of the complaint is the amount of damages claimed. I can see no reason why a plaintiff should be barred of the usual privilege of stating his injury in different manners, to suit the evidence he may be able to produce. For the most honest and diligent may be deceived as to what he may be able to prove. Every plaintiff knows, that he cannot honestly prefer a claim for a greater number of boxes, &c. than he delivered, and, therefore, he is required to set forth the complaint in all its particulars, as he may be able to prove; and not to complain of the defendant bucause he does not deliver twice as many boxes, &c. as were received on board of the boat. But every plaintiff cannot conveniently, or rather without great inconvenience, know how much damage he may have sustained by the negligence

*Margin notes:*

MAY TERM 1840.

Camden & co.
vs.
Steam boat Georgia.

In a compl't filed against a steam boat for mal-performance of a contract of affreightment, for the transportation and delivery of property, the description of the property need not be more particular than the description of the same contained in the bill of lading.

It is no objection to the complaint, that the subject matter thereof is stated in differ't ways, so as to suit the evidence the plaintiff may be able to produce.

MAY TERM
1840.
_____
Camden & co.
vs.
Steam boat
Georgia.

of the agents of the boats, when the goods have been damaged; or, in many instances, when boxes have been opened, and in whole or in part emptied. The essential thing is that the plaintiff do not swear to too much damage; to enable the defendant to prepare for his defence, it cannot be material that the plaintiff should set forth his demand, in the complaint, more particularly than the several parts and parcels thereof are enumerated in the bill of lading. We have every reason to believe that the complaint, or declaration, in this case, is as particular as the bill of lading. It is then sufficiently particular; that is, the statement of the cause of action, is sufficiently minute and particular to comply with the requisitions of the Statute.

In the second and third counts the subject matter is thus stated: divers other goods and merchandize, to wit, goods and merchandize of the like number, quantity, quality, description and value as those in the first count mentioned. There is in the first count no statement either of the number or quality of merchandize; indeed, I do not well understand how the term "number" could be applied to goods and merchandize. If it had been stated in the second and third counts, that the master and commander had received on board, &c. divers other goods and merchandize, to wit, 16 other bales of dry goods, &c., as in the first count, the statement would, in my opinion, have been well enough made. But he has not done so. The demurrer to the declaration in this case is general, and may be sustained as to part of the pleadings demurred to, and overruled as to the residue, as if a separate demurrer had been filed to each pleading so demurred to. See 16th section of the 3d article of the digest of 1835, p. 459. The demurrer then will be sustained as to the second and third counts, and overruled as to the first.

The complaint may be amended like a commonlaw declaration; and, it is the duty of the court to grant permission to amend, as in ordinary cases at com'n law.

As to the third point, to wit, the rescinding of order of court granting leave to amend, no reason is seen why a complaint of this kind should not be amended like a common declaration. The court should have granted that permission, as in ordinary cases at common law. As the case is decided on another point, it is useless to say more on this head. The judgment of the circuit court is reversed, and the cause is

remanded, with leave to the plaintiff to amend his complaint if he wish to do so.

MAY TERM
1840.

Camden & co.
vs.
Steam boat
Georgia.

### Opinion of McGirk Judge.

I am of opinion, that the leave to amend ought to have been allowed. I am of opinion, also, that the first count is well enough except as to the breach, and that that should have been at least as special, as to the goods not delivered, as the bill of lading is. I concur in reversing the judgment.

### Opinion of Napton Judge, dissenting.

The act for the recovery of demands against boats and vessels provides, that the plaintiff shall file a complaint se'-ting forth his demand in *all its particulars*, and this complaint must be verified by affidavit. The object of this act seems to be, to require something more definite than a mere formal declaration, something more analagous to a bill of particulars. It was designed that a simple statement of the facts should be made, as they existed.* The complaint of the Messrs Camden is nothing more than an ordinary declaration, minute enough certainly, but containing three different counts, describing different and inconsistent facts. In the first count, the charge is, that a part of the packages, boxes, &c. were delivered according to contract, and the remainder lost. In the second and third count, the charge is, that all the boxes and packages therein described were lost, or not delivered according to contract.

This statement thus containing two distinct and inconsistent charges is verified by the oath of the party or his agent. I do not believe that the law intended to set traps for the unwary, by requiring them to swear to the formalities and inconsistencies of a common law declaration.

The circuit court did not err, in my opinion, in sustaining a demurrer to this complaint, nor do I perceive how the counts of a complaint sworn to, can be stricken out, or disregarded or amended. This is a proceeding highly remedial, and yet in derogation of the common law, and must be construed with strictness. No power to amend is given, expressly, in the act, and yet in the attachment law, an express provision was deemed necessary, to authorize amendments to an affidavit made in the proceedings under that act. This also is

Z

a proceeding in rem, similar to that in attachments, and property to a large amount, and a great variety of interests are liable to be affected by this summary proceeding. The act must therefore be strictly complied with. The circuit court did not err, in my opinion, in over ruling the plaintiffs application to amend.