### TILGHMAN CLARK vs. STEAMBOAT MOUND CITY.

1. A party cannot be compelled to take a non-suit. It must be by his own consent.

APPEAL from St. Louis Court of Common Pleas.

CROCKETT & BRIGGS, for Appellant.

A. TODD, for Appellee.

TOMPKINS, J., delivered the opinion of the court.

This is an action commenced under the statute entitled, "An act to provide for the collection of demands against boats and vessels ;" Digest of 1835, p. 102. Judgment was given for the plaintiff, and the defendant appealed to the court of common pleas. In this last court judgment was given for the appellant, the steamboat, and to reverse it, the cause is brought by appeal to this court.

The complaint is in the words following, to-wit: Tilghman Clark complains, that he has a demand against the steamboat Mound City, amounting to seventy-nine dollars and eighty-seven cents, which demand accrued against the said steamboat on account of the owners

10

thereof, and is in all particulars, as follows, to-wit: "Due Mr. T. Clark, 79 87-100 dollars. March 10, 1843." It was signed by the clerk, &c.

The cause was submitted to the court, neither party requiring a jury. The plaintiff offered in evidence the note filed with the papers below, as follows: "Due Mr. T. Clark 79 87-100 dollars. March 10, 1843. (Signed,) Charles Barger, Clk." He proved that Charles Barger was clerk of the steamboat Mound City, while he served that boat, &c.

The defendant introduced no testimony, but moved the court to non-suit the plaintiff for defect in the plaintiff's complaint. The council for the plaintiff prayed leave to amend his complaint, and it was refused. The court then ordered a non-suit, although the defendant was present by his attorney. To this decision of the court the plaintiff excepted, and moved for reasons filed, to set aside the non-suit, and for a new trial, and for leave to amend the complaint. The motion was overruled by the court.

The counsel for the appellee, cites several authorities from New York Reports to show that the decision was correct. It is not deemed necessary to examine how courts of New York would decide in such a case. The common law is introduced by our statutes into this State, and by it no plaintiff can be forced to take a non-suit; the taking of a non-suit is a voluntary act. Wells vs. Gaty and others, decided at the last term of this court; where it is said the court cannot compel a plaintiff to submit to a non-suit, they may advise and direct him to be called, but if he refuse to suffer a non-suit, the court cannot otherwise protect and enforce their opinion, but by awarding a new trial, if the jury find against their direction. 5 Bacon, 140, Title, Non-suit, letter A; and Tidd's Practice 996.

It is an evasion of our own statute regulating practice in the Supreme Court, to order a plaintiff in the circuit court to submit to a non-suit. The 31st section of that act directs, "that no exception shall be taken in an appeal or writ of error to any proceedings in the circuit court, except such as shall have been expressly decided by the circuit court."

The counsel for the appellee, has in compliance with the 30th section of said act, Digest of 1835, p. 522, furnished the points on which he insisted, not one of which appears on the record to have been decided by the court of common pleas. This being the state of the case, this court will not undertake to say, that the complaint of the plaintiff was framed in compliance with the requisitions of the 4th section of the act, to provide for the collection of demands against boats and vessels,

or that it was not, nor will it be decided whether or not the evidence given was admissible under that complaint. It is very easy to perceive how the court of common pleas, by ordering the plaintiffs in that court to submit to a non-suit, may save itself much trouble, while it evades the object proposed by the 31st section above referred to.

It was decided by this court, in the case of Camden & Co., vs. Steamboat Georgia, 6 Mo. Rep. 381, that the complaint in a cause instituted in the circuit court, might be amended like a declaration at common law. But the proceeding was commenced before a justice of the peace. It may be well for the appellant to consider, whether a complaint filed before a justice of the peace, can consistenly be amended in the circuit court. We shall give no opinion, as the case has not come here in a manner to authorize this court to decide any point, other than the power of the circuit court to order a plaintiff to submit to a non-suit.

The judgment of the court of common pleas is reversed, and the cause remanded.