Phelps vs. Steamboat Eureka.

## PHELPS vs. STEAMBOAT EUREKA.

1. A loaned B, part owner of a steamboat, one thousand dollars, to pay for repairs and other expenses of the boat. Within six months, the money was in the clerks desk to pay A. When he called for it, B paid him one hundred and fifty dollars, and asked a further loan for the balance for the use of the boat, which was assented to, and the balance left in the clerks desk. It was not, in such case, necessary to count out the money, pay it over, and then pay it back again, in order to make a new loan. The transaction took place within six months prior to the institution of suit, was a new loan, and created a lien on the boat.

2. The officers of a boat cannot bind it by admissions, but the owners can. The omission of owners in the 30th sect. of the act concerning boats and vessels, shows that it was not the intention of the legislature to exclude such admissions.

## APPEAL from St. Louis Court of Common Pleas.

### STATEMENT OF THE CASE.

This was a demand, presented by the appellant, to the St. Louis court of Common Pleas, for allowance against the appellee.

The evidence went to show that the appellant, in May, 1849, loaned to the appellee, one thousand dollars, through James T. Sargent, then part owner, that the money was borrowed to pay for repairs and other expenses on said boat, that after Sargent obtained the said loan, he paid about eight hundred and fifty dollars into the clerk's office, which money was used by the boat, that before the expiration of the six months, the boat had the money in her clerk's desk to pay to the appellant, that at that time, the appellant called for his money, that the appellee paid him one hundred and fifty dollars, and that James T. Sargent the then part owner of her, and master, stated to the appellant that the boat wanted money to defray her expenses in navigating the waters of this State, and asked him to let the boat have the eight hundred and fifty dollars, (being the amount due him,) for six months longer, and the appellant agreed to it, that Sargent and Hart had admitted a release by appellant to the boat, and the indebtedness by the boat and appellee to the appellant. Upon this state of facts, the appellant asked the court sitting as a jury to give instruction to the effect, that if the appellant loaned in May, 1849 to Sargent and Hart, the owners, the sum of $1000, with the understanding that the same was for the sole use of the appellee to defray expenses in navigating the waters of this State, and that at the expiration of the six months the appellant loaned eight hundred and fifty dollars to said Sargent and Hart, for the purpose of defraying the expenses necessary to navigate the said boat, that in such case the appellant is entitled to recover, as also another instruction was asked by appellant that the admissions of the owner were competent testimony.

The court overruled these instructions, which was at the time excepted to by appellant. The court gave for appellee the following instructions, in effect: That the admissions of the owners are not evidence in the case in favor of appellant so as to create a lien and defeat other creditors, and, therefore, are to be excluded, so for as other creditors' rights are thereby affected; but that they are competent to share a claim against the owners to any surplus which may be coming to them after all claims and liens are paid; and also, that to say that the money is still wanted, and to stipulate for the further and longer use of the same, is no *ulans* so as to create a lien. To the giving of these instructions, appellant at the time excepted. Whereupon, the court, sitting as a jury, rejected said allowance. The appellant after and within four days from said rejection, moved said court to set aside said rejection on the grounds of the improper exclusion of the appellant's instruction, and the giving of improper instructions in lieu thereof, and that the finding was against the evidence, the court below overruled said motion and for the aforesaid reasons. This case is now brought into this honorable court by appeal.

## HART, for appellant.

The court erred in refusing the instructions asked by him:—

I. 1st, Because the statements made by Sargent and Hart, the owners of the steamboat Eureka, is good and competent evidence before the court sitting as a jury, and ought not to have been excluded.

2d. Because if the owners of the steamboat, borrowed in Nov. 1849, from the appellant eight hundred and fifty dollars, to enable him to pay her hands and obtain supplies, this is sufficient evidence of a loaning to the boat, and not to Sargent and Hart, and six months not having elapsed when the claim was presented to the court below for allowance, the same ought to have been allowed for eight hundred and fifty dollars.

3d. The appellant contends that the court committed error in giving instructions for appellee or on its own motion.

II. 1st, Because there was evidence that the money loaned by the appellant was used in defraying the expenses of the steamboat.

2d. Because there was evidence that in November the boat had the $1000 in hand for the appellant, and that when the appellant called for the same, the owners effected a loan of $850 to pay the necessary expenses of the boat to enable her to navigate.

3d. Because the fact that Phelps did not take the money which was in the clerk's drawer for him, and then handing back $850, does not, from the evidence, charge the conclusion that the said sum was loaned to the steamboat in Nov. 1849. In other words, that the evidence went to show that the loan made in May, of $1000, was settled in November, and the appellant agreed to loan the boat the $850 for six months.

## HALL, for appellees.

I. The money when first loaned to the owners, Sargent and Hart, was not such a loan or for such a purpose as to make it a lien on the boat under the statute. The evidence of the witness Voorhees, and also of Hewitt shows that it was borrowed and actually used to pay Sargent's note for the purchase of the boat.

II. But if there ever was a lien created by the loan, that lien was created in May, 1849, and expired in the November following and this claim is presented for enforcement as a lien until the following 1850, a period beyond the six months of the statute. But the appellant asserts that there was a reloan of the amount so as to continue the lien, if there was one. But the facts in evidence do not show the truth of this assertion. The loan was paid, and therefore

it could not be reloaned. It was the old loan still. There was no note or obligation taken up or new one executed. It was simply said that the boat had the money in her desk, and could pay the debt, but she did not pay it. She wanted the loan six months longer, and it was finally agreed that instead of paying the loan she should keep it six months longer; surely there is no reloan nor new recognition of a lien.

III. Yet it does not appear what the use to be made of the reloan was, even admitting a reloan. She wanted it to defray her expenses in navigating the waters of this State. But what expenses? It is not all expenses for which money loaned to a boat will create a lien upon her, the appellant must show such expenses to have been lien expenses. He has not done it.

IV. The court was right in refusing the admission of the owners against the rights of the other creditors. They say the owners admitted the reloan, but the circumstances and manner of the pretended loan are fully shown, which makes them admissions of no consequence. The court will not therefore reverse the case because of the exclusion of such admissions; since it is shown that if admitted, they would be of no power or use, the admissions of the owner being but his construction of a set of facts and circumstances of which the court is also in full possession, and will construe for itself. It can tell what a release is as well as the owner, also it knows all the circumstance of it before it.


RYLAND, J., delivered the opinion of the court.

From the statement above made, it becomes necessary for this court to review the action of the court below in regard to the instruction which that court refused to give on the part of the appellant, as well as those which were given.

The instructions which the appellant asked of the court appear in substance in the above statement.

We think the court erred in refusing to give these instructions, or to declare the law to be as contained in these instructions.

The first instruction is based upon the evidence of the reloan. Surely there was no necessity for the parties to count out the money, to pay it over, and then have it paid back in order to make a new loan. The money from the evidence preserved in the bill of exceptions was ready in the money drawer of the boat. The plaintiff came for it. The owners of the boat wanted to have the money for six months longer. It was agreed that a part of the money should be thus loaned for six months longer, and the balance paid to plaintiff. The plaintiff then received one hunderd and fifty dollars, and the balance of the thousand dollars was left with the boat, being eight hundred and fifty dollars. It appears that the boat needed this sum in order to pay off heavy bills for charges against the boat; and it was necessary for the boat in order to continue to navigate the waters of this State. This transaction took place on the 15th November, 1849, within six months before the application of the plaintiff below appellant here to have his demand allowed against the boat as a lien.

We think the court should have declared the law as embraced in this instruction; should have stated, that a reloan might have been inferred from this state of facts.

The admissions of the owners of the boat were clearly evidence in this case. There is nothing in the statute prohibiting such admissions of owners from being evidence. The 30 sec. of the statute concerning "Boats and Vessels" Rev. Code 1845 page 186; declares, That, "neither the captain, clerk, nor other officer of any boat or vessel shall have power to bind the boat, or vessel, by giving bonds, or notes, or by making any other admission of the indebtedness of the boat to any person whatever." This prohibition does not extend to the owners or owner; it includes only the officers as such; "The captain, clerk or other officer." The 29th section uses among other words the word "owner;" giving to the captain, agent, owner, consignee, or other person interested, the right to appeal from any judgment &c. And the omission to insert the owners or owner in the 30 sec. among the persons incapable of making bonds or notes or admissions of indebtedness, clearly shows the object of the legislature, was not to exclude such admissions of the owners. The officers cannot bind by admissions, but the owners can. We think therefore that the court erred in refusing to declare the law as contained in the second instruction.

The second and third instructions given for the defendant below, may be considered as the reverse of those asked by the plaintiff. Consequently are disposed of when we declare, that the court below erred in repressing the plaintiff's instructions.

For the giving of these instructions for the defendant below as well as for the refusal to give the instructions asked for by the plaintiff below, the judgment must be reversed and this cause remanded.