BAILEY, Respondent, *vs.* STEAMBOAT CONCORDIA, Appellant.

1. Goods furnished to the master of a boat to supply the place of goods lost in the course of transportation, and thus enable the boat to fulfil a contract of affreightment, are not "supplies" within the meaning of the act concerning boats and vessels, and do not constitute a lien upon the boat.

*Appeal from St. Louis Court of Common Pleas.*

*M. L. Gray,* for appellant. The demurrer should have been sustained for two reasons : 1. The complaint does not show that the whisky was furnished at any place within the state of Missouri. 2. The demand was not a lien. 6 Mo. Rep. 374. 12 ib. 261, 371, 412. 10 ib. 583.

*T. B. Hudson,* for respondent. The whisky was furnished to enable the boat to discharge a lien claim. This court has decided that money furnished to pay off lien claims constitutes a lien, and will be taken as supplies furnished the boat. If *money* is thus considered, it is not seen why *property* furnished for the same purpose should not be.

RYLAND, Judge, delivered the opinion of the court.

This was a proceeding under the statute of this state, against the boat for furnishing supplies, stores, &c., commenced in the St. Louis Court of Common Pleas. The facts stated in the petition are, that the plaintiff furnished the boat with one hundred and six gallons of Irish whisky, in order to enable the boat to fulfill her contract of affreightment with some one, for whom she was carrying a puncheon of Irish whisky ; that the puncheon of whisky was destroyed by the boat, and being unable to deliver it, at the request of the master of the boat, the plaintiff furnished the one hundred and six gallons of Irish whisky, worth two dollars per gallon, to enable the boat to fulfill her bill of lading, and thereby prevent being sued for the same. The defendant demurred to this petition ; the

Court of Common Pleas overruled the demurrer, and afterwards rendered judgment for the plaintiff. The defendant brings the case here by appeal. The question before us is, was this whisky furnished for supplies or stores for the boat?

1. Under our statute concerning boats and vessels, every boat or vessel used in navigating the waters of this state, shall be liable and subject to a lien for all debts contracted by the master, owner, agent or consignee of such boat or vessel, on account of stores or supplies furnished for the use thereof, &c., and for all demands or damages accruing from the non-performance or mal-performance of any contract of affreightment, or of any contract touching the transportation of persons or property, &c.

Can it be said that whisky, furnished the master of a boat, to enable him to fulfill his bill of lading, will properly come within the meaning of the phrase, "stores or supplies furnished for the use of the boat?" If so, then any commodity thus furnished will be supplies or stores. A ton of iron, furnished to fill up a bill of lading, will be stores or supplies. A box of dry goods also. Suppose the loss of the puncheon of Irish whisky by the boat in this case had been estimated at two hundred and twelve dollars, and the master of the boat had borrowed that amount to pay the consignee, thereby preventing a suit against the boat, would it be contended that such lending of money would be furnishing supplies or stores for the boat, and that it would constitute a lien against the boat, and might be sued for as such? The courts have stretched this statute wide enough already. We are not inclined to extend the construction.

In *Bryan & Miltenberger* v. *Steamboat Pride of the West*, 12 Mo. Rep. 371, the court held, that no lien attaches against the boat for money borrowed by the master to pay the debts of the boat. In that case, it was said that money loaned to purchase stores and supplies for the boat, would, under a liberal construction of the statute, be considered a lien. But it is not pretended that money lent to pay the debts and liabilities

of the boat, would be a lien. Such money lent is not furnishing stores or supplies ; nor is it giving the means of obtaining such ; it is the payment of the debts of the boat simply, and as such, is not provided for in the statute.

The judgment of the court below must be reversed. The other judges concurring, it is reversed and remanded.