HAYS AND OTHERS, Plaintiffs in Error, v. STEAMBOAT COLUMBUS, Defendant in Error.

1. One who endorses a note given by the master of a steamboat for stores and supplies furnished, and who pays the same at its maturity, does not thereby become subrogated to the rights of the one furnishing the supplies to a lien on such steamboat.

*Error to St. Louis Court of Common Pleas.*

The facts of this case, as set forth in the petition, are substantially as follows : John Williams & Co. furnished stores and supplies to the steamboat Columbus, for the amount of which Fulton, the master of said boat, gave his promissory note. Plaintiffs, in order to prevent the seizure of said steamboat under the act concerning boats and vessels, became endorsers upon this note, and paid it at its maturity. Plaintiffs afterwards drew their bill of exchange on said Fulton, the master, for the amount paid by them to Williams & Co., which Fulton accepted, but failed to pay at maturity. Plaintiffs seek

in this action to enforce a lien against the boat for the amount so paid and furnished by them as aforesaid.

To this petition there was a demurrer, on which judgment was given for defendant. The case is brought here by writ of error.

*T. T. Gantt,* for plaintiff in error.

I. The claim of John Williams & Co. was a lien on the boat. The plaintiffs, if they had lent the money to the captain for the purpose of purchasing from Williams & Co. the stores and supplies which that firm furnished, would have had a lien for the money so lent. (Phelps v. Eureka, 14 Mo. 532.) But by paying Williams & Co., at the request of the captain, the amount of their claim, while it was yet a lien, and in order to prevent the seizure of the vessel, they occupied ground still more meritorious. The lien was not extinguished by the giving of the note. (Steamboat Charlotte v. Hammond, 9 Mo. 58.)

*Krum & Harding,* for defendant in error.

I. The lien or right of action under the statute against the boat for the supplies in question, was in favor of Williams & Co., who furnished the supplies. The lien given by statute is to the party who furnishes the supplies, and is not assignable. Were it assignable, the plaintiffs do not show themselves to be assignees.

II. The plaintiff, by paying the note given for the supplies furnished by Williams & Co., were not subrogated to the rights of the latter, so far as the *lien* on the boat for the supplies was concerned. This is not a case for subrogation.

LEONARD, Judge, delivered the opinion of the court.

The plaintiff, it seems, became the security of the captain for boat stores upon a note given by the latter for the price of them ; and being afterwards compelled to pay the debt, the captain gave him a bill on New Orleans for the money, and this being unpaid, we are now asked to declare that the surety may proceed for it against the boat, under the statute concerning boat liens, for supplies furnished, &c.

This demand is not embraced by the words of the act. It is not for the supplies themselves, but on account of the money paid for them as the captain's surety, and we do not think it falls within the reason of the boat lien law, and of course it can not be enforced as an original privileged debt under the act. These secret, tacit mortgages upon boats (for they are such rather than liens, in the common law acceptation of the word, being unconnected with the possession) we must presume to be just and proper when applied to the original debts specified in the statute ; but it does not seem the part of a wise policy to extend them beyond the words of the law, and the obvious reason and necessity for passing it. If a party, by a legal assignment of the favored debt, might succeed to this right of the original creditor, we are not aware of any legal principle upon which we can hold that the payment made by the surety, instead of extinguishing the debt with all its accessary obligations, had the effect of continuing in force this statute remedy, and of substituting in reference to it the security in the place of the original creditor. We held in a case at the present term, that in equity the surety was entitled to demand of the creditor all the securities the latter had taken from the debtor to secure the payment of the debt, and that therefore to the extent to which he extinguished these securities, to that extent he discharged the surety, and that this might be relied upon as a defence to the legal liability ; but that is not the present case. There are cases, too, in which a court of equity will substitute the surety in the place of the original creditor, and even set up in his favor securities that have been extinguished at law ; but we do not think we are at liberty to go so far as to declare in reference to this statute remedy, that the payment by the security had the legal effect of continuing it in force, and of substituting, *ipso facto*, the surety in the stead of the original creditor, so as to give him a title by succession to maintain this legal proceeding against the boat.

The judgment must be affirmed.