40  253
34a 113

———•◦◦•———

MICHAEL F. GIBBONS AND SIDNEY C. EPPERSON, Appellants, *v.* STEAMBOAT FANNY BARKER, Respondent.

1. *Boats and Vessels—Stevedores—Liens—Work and Services.*—Work and labor done, or services rendered, in unloading a boat or vessel in port, by persons not regularly employed on the vessel, do not create a lien upon the boat under our statute.

2. *Boats and Vessels—Liens—Stores and Supplies.*—Moneys advanced to a boat to pay her debts or expenses generally do not constitute a lien under our statute; it must be shown that the moneys were specifically advanced for the purposes for which a lien is given.

17—VOL. XL.

3. *Boats and Vessels—Practice—Amendments—Limitations.*—In a suit against a boat or vessel, the plaintiff cannot so amend his petition as to introduce a new cause of action; especially after the time of commencing suit upon the lien has expired. The statute relating to boats and vessels being in derogation of the common law, must be strictly construed.

*Appeal from St. Louis Circuit Court.*

*J. K. Knight* and *Francis Garvey*, for appellants.

*Rankin & Hayden*, for respondent.

HOLMES, Judge, delivered the opinion of the court.

The amended petition claimed a lien on the boat, under the first section of the act concerning Boats and Vessels, " on account of debts contracted by the master and owner thereof for stores and supplies " for the use of the boat, and " on account of labor done on said boat in getting out, furnishing and equipping thereof." Among the items given there was a sum of $900 " for money advanced to enable her to prosecute her voyages," and the rest were for loading and discharging freight. In the first petition, the item for money advanced was stated to be a sum of $400 " for money advanced to pay the crew." The amended petition was filed more than six months after this part of the demand as therein stated had occurred, the amount being raised to $900, as the plaintiffs claim. On this item, the court allowed the sum of $400 only, and rejected the items for loading and discharging freight.

The items for loading and discharging freight on the boat were properly rejected. They were neither alleged nor claimed to be for work or services done by hands or other persons employed on board of the boat, within the first clause of the section giving liens; and they did not come within the meaning of the second clause. It is contended that they may be considered as labor done in " getting out " the boat. This could be an entire misconception of the intent and scope of the act, as well as of the decision in the case of the Madison County Coal Co. v. St. Bt.

Colona, 26 Mo. 446, which has been referred to. The services claimed to be a lien in that case were for towing a boat from the place where she had been laid for a time to the city wharf, preparatory to the commencing of the regular voyages. This was the ground of the lien. The services here appear to have been rendered under some special hiring by a person not regularly employed on board of the boat, while the boat was lying in port. The statute gives no lien in such case.

The item of $900 is charged for money advanced to "enable the boat to prosecute her voyages." The only ground of lien that is alleged in the petition, under which this item can fall, is that of a debt contracted for stores and supplies. The evidence concerning it did not show that the money had been advanced for this specific purpose, but merely that it was loaned, generally, to enable the boat to proceed on her voyage, and that it was paid to the clerk and used to pay the running expenses of the boat. This was not enough to bring the demand within the lien for stores and supplies. The word "supplies" cannot be interpreted to mean supplies of money for all the purposes for which money may be required in the navigation of the vessel. In its ordinary acceptation, it is understood to mean those articles which a boat may find it necessary to purchase for consumption and use on the voyage. It is something different from wages for which a lien is specially given also. Money loaned for the specific purpose of enabling a boat to purchase such supplies, or to pay wages, or debts incurred already, or to be incurred in future, for things which are liens, have been held to be a debt contracted for those things, and therefore a lien also on the boat. Bryan et al. v. St. Bt. Pride of the West, 12 Mo. 371; St. Bt. Brady v. Buckley, 6 Mo. 558; Phelps v. St. Bt. Eureka, 14 Mo. 532.

But money loaned to enable the boat to pay her debts, or expenses, generally, which may be as well for things which are not liens as for those which are, will not be a lien under the statute. Such debts must be considered as incurred on the credit of the owners. Bailey v. St. Bt. Concordia, 17

Mo. 357; Hays v. St. Bt. Columbus, 23 Mo. 232. Money advanced to enable the boat " to prosecute her voyages," and only shown to have been for expenses generally, must fall under this category. We think the plaintiffs wholly failed to establish a lien against the defendant.

On what ground the court allowed this item of $400 is not apparent from anything contained in the record. The case was not to be tried upon the original petition; and we find nothing in the evidence to warrant that allowance under the amended petition. We are inclined to think it should have been considered a separate and distinct demand, different from that claimed in the original petition. The only ground of lien stated in the original petition was for a demand for labor done and materials furnished, and among the items there was one for "money advanced to pay off the crew, $400." In the amended petition there was a demand of $900 for money advanced " to enable the boat to prosecute her voyages," and a lien is claimed as for stores and supplies. It is a new and wholly different demand. The statute requires that the demand sued for shall be set forth in all its particulars. The cause of action occurred on this demand when the money was advanced. Darby, Ad'r, v. St. Bt. Inda, 9 Mo. 653. At the time when this demand was introduced into the petition, the six months had elapsed and the lien was gone. It was held in the case of Camden v. St. Bt. Georgia, 6 Mo. 381, that a complaint against a boat might be amended like a common declaration, in respect of particulars which did not substantially change the nature of the demand itself; but one of the judges was of the opinion that no amendment at all could be made. It is a statutory proceeding in derogation of common law, and should be construed strictly. It would be going very far to say that a party, by amending his petition, might revive a lien which was already lost by force of the statute itself. We are of the opinion that this was more properly a new suit than an amendment, and that there was, for this reason also, no subsisting lien on the boat.

The judgment will be reversed. The other judges concur.