————o————

JOHN SWAINSON, et al., Respondents vs. DAVID H. BISHOP, Appellant.

52 227
92a 247

1. *Practice, civil—Circuit Court—Costs, security for—Time allowed.*—When by order of court a party is allowed a certain number of days wherein to file security for costs, such order refers to calendar days, and not days of the term of the court.

*Appeal from St. Louis Circuit Court.*

*Slayback & Haeussler C. and O. Bishop,* for Appellant.

The bond for costs may be filed in vacation, and has been even ordered to be filed in vacation. (Brown vs. Ravenscroft, 1 Mo., 397.)

*M. Kinealy and R. S. MacDonald,* for Respondents.

Both at Common Law and under the Code the days for filing motions for new trial or in arrest of judgment are judicial or sitting days of court. (National Bank of &c., vs. Williams, 46 Mo., 18; Wash vs. Randolph, 9 Mo., 142; Hale vs. Owen, 2 Salk., 625; Long vs. Hughes, 1 Duvall, (Ky.) 387.) And this court has declared that this is the rule in all cases in which papers have to be filed or in which the act is to be performed in court. (Wash vs Randoph, 9 Mo., 145.)

ADAMS, Judge, delivered the opinion of the court.

This was an action for false imprisonment brought to the June Term, 1871 of the St. Louis Circuit Court.

The defendant filed a motion to rule the plaintiffs to security for costs on the ground that they were insolvent and unable to pay them. This motion, by consent of parties, was

sustained on the 30th day of June, 1871, and the court made an order requiring security to be given in thirty days.

On the 4th of December, 1871, the court on motion of defendant dismissed the cause for the reason that the plaintiffs had failed to file security for costs, and the plaintiffs thereupon filed a motion to set aside the judgment of dismissal upon the alleged ground that the thirty days time given to file security had not elapsed; this motion was overruled and the plaintiffs appealed to general term where the judgment at special term was reversed, and from this judgment of reversal the defendant has appealed to this court.

The only point raised and discussed here is, that the thirty days time given to file security for costs, meant days in term whilst the court was in actual session, and that as a term of the court had lapsed, the thirty days allowed by the rule had not expired when the cause was dismissed.

The second section of the act concerning costs (W. S., 342,) in my judgment does not admit of this construction. The first section in regard to actions by non-residents, &c., requires security for costs to be filed with the clerk before the institution of the suit. The second section simply requires the undertaking to be filed without specifying how it shall be filed, whether in term time or with the clerk in vacation. The meaning of this is, that if the bond be filed in term, the filing must be indorsed on the paper and entered on the minutes, and if filed in vacation a simple indorsement on the paper to that effect by the clerk will be sufficient. This has been the universal practice so far as I know, and in regard to pleadings this mode is expressly recognized by the practice act. (See 27 W. S., 1018; Wash vs. Randolph, 9 Mo., 145.)

When the undertaking is presented, the clerk must file it; he has no discretion and merely acts in a ministerial capacity. If the security given proves to be insufficient, it would not be a compliance with the rule, and the court might on motion dismiss the cause for that reason.

Here the plaintiffs, as a matter of law and without offering to file security, demanded thirty days in term to comply with

the rule.   In my opinion the court at special term very properly refused to comply with this demand.

The judgment of the general term is reversed.   The other Judges concur.