STATE OF MISSOURI, EX REL. GRISWOLD, Appellant, *v.*
AMOS M. THAYER, JUDGE, Respondent.

#### March 19, 1878.

1. A petition for a *mandamus* alleged that the jury were instructed that, under the pleadings and evidence, the plaintiff was not entitled to recover; that the plaintiff refusing to take a nonsuit, the cause was submitted to the jury, who returned a verdict in due form for plaintiff, which the court refused to receive, directing the jury to retire and return a verdict for defendant, which was done, and upon which judgment was entered. *Held*, that the petition sets forth no sufficient ground for issuing a writ to compel the trial judge to receive and record the first verdict.

2. Where an instruction in the nature of a demurrer to the evidence is given, the facts are thereby taken from the jury; there is nothing for them to pass upon; their action is merely formal; and they are bound to render the verdict as directed, the judge alone being responsible for it.

PETITION for *mandamus*.

*Demurrer sustained.*

LEVERETT BELL and M. W. HUFF, for relator : The plaintiff may refuse to suffer a nonsuit, and insist upon his case being submitted to the jury ; and if the jury disregard the law, or the instruction of the court, the court may enforce its opinion by awarding a new trial. — *Welles* v. *Gaty*, 8 Mo. 681 ; *Clark* v. *Steamboat, etc.*, 9 Mo. 146 ; *Perrin* v. *Wilson*, 9 Mo. 148 ; *Clark* v. *Railroad Co.*, 36 Mo. 216. *Mandamus* is the proper remedy here. The plaintiff is entitled to judgment upon the verdict as of the day it was returned into court. An appeal or writ of error will not meet the case. — *The State* v. *Rombauer*, 44 Mo. 590 ; *The State* v.

*Knight*, 46 Mo. 83; *Menkens* v. *Watson*, 9 Kan. 668; *Haight* v. *Turner*, 2 Johns. 371; *The State ex rel.* v. *Lafayette County Court*, 41 Mo. 559.

Wells H. Blodgett, for respondent, cited: *Boland* v. *Railroad Co.*, 36 Mo. 484; *Blackley* v. *Sheldon*, 7 Johns. 32; *Mansfield* v. *Fuller*, 50 Mo. 338; *Ward* v. *County Court*, 50 Mo. 401.

Hayden, J., delivered the opinion of the court.

This is a petition for *mandamus* against one of the judges of the St. Louis Circuit Court. The facts are, as averred, that the relator brought a suit in that court against the St. Louis, Kansas City, and Northern Railway Company, to recover $10,000 damages; that after proper proceedings, the case came on for trial before the respondent; that upon such trial, the relator concluded his testimony before the court and a jury empanelled in the case, and that the respondent instructed the jury in writing, that, under the pleadings and evidence, the plaintiff in the case was not entitled to recover; that thereupon, the relator herein refusing to take a nonsuit, the cause was submitted to the jury, " and the said jury retired to consider of their verdict;" that on the same day, the jury returned into court the following verdict: " We, the jury, find for plaintiff, and assess his damages at the sum of forty-three hundred dollars;" that though this verdict was in due form, and duly tendered as the verdict of the jury in due form, in open court, the respondent refused to receive it, and ordered the jury to retire, instructing them that it was their duty as jurors to return a verdict for the defendant in the case; that accordingly the jury retired to their room, and returned a verdict for the defendant, upon which judgment was rendered for the defendant. The prayer is, that the respondent be directed to receive and record the first verdict. The questions arise on a demurrer presented to the petition.

It is contended by the relator that the verdict first pre-

sented by the jury was formal, was responsive to the issues, and that, if contrary to the instruction of the court, the court should have set aside the verdict upon a motion for a new trial. But the question involved is not whether the court could have set aside the verdict upon a motion for a new trial, but as to the proper practice in case of an instruction offered which is in the nature of a demurrer to evidence. The practice of demurring to evidence by such an instruction as that here offered is too well established in this State to be shaken, and has been sustained by repeated adjudications of the Supreme Court and of this court. To take one instance as an example of many; in *Holman* v. *Railroad Company*, 62 Mo. 562, the Supreme Court said : " Upon the case made, it was the duty of the court to declare, as a matter of law, that the plaintiff was not entitled to recover." It would seem that, if in such cases this is a duty and obligation devolving upon the court, the court ought to have power to do that which is implied in the duty. To prescribe a duty and enjoin performance of it upon the trial court, and then to hold that the trial court is without the means to perform the duty thus prescribed, would indeed be extraordinary doctrine. If it is the duty of the trial court, as a matter of law, to declare, in a given class of cases, that the plaintiff is not entitled to recover, it cannot be the duty of the same court to commit the case to the jury, and allow them to say that the plaintiff shall recover. To be consistent and reasonable, the law should dispense with the useless formality thus prescribed, and should save the judge and the administration of justice from the contempt which follows the ineffectual effort to exercise authority. It is to be presumed that when the courts declare the law, as it is declared in the words above quoted, a reasonable meaning is to be attached to the words.

The nature of a demurrer to evidence is well settled in law. Upon such a demurrer being presented and sustained by the court, the jury has nothing to do with the facts. It

is unnecessary to here cite and review the authorities upon this point, as the more important of these, both English and American, were cited and reviewed by this court in the case of *Nolan* v. *Shickle*, 3 Mo. App. 300. It is sufficient to say that the well-established doctrine is, that where a demurrer is presented to evidence, the party presenting the demurrer admits not only the facts, but all conclusions that can be legally and legitimately drawn from the facts in evidence; that, this being so, there are no facts for the jury to pass upon; and that the only question is then, as it is upon an agreed case or a special verdict, as to the legal effect of ascertained facts. To use the language of Lord Chief Justice Eyre, delivering the opinion of all the judges to the House of Lords: " But if the party wishes to withdraw from the jury the application of the law to the fact, and all consideration of what the law is upon the fact, he then demurs in law upon the evidence; and the precise operation of that demurrer is to take from the jury and to refer to the judge the application of the law to the fact. * * * The matter of fact being confessed, the case is ripe for judgment in matter of law upon the evidence, and may then be properly withdrawn from the jury; and, being entered on the record, will remain for the decision of the judges." *Gibson* v. *Hunter*, 2 H. Black. 187, 206.

In *Parks* v. *Ross*, 11 How. 362, Mr. Justice Grier, delivering the opinion of the court, said: " It is undoubtedly the peculiar province of the jury to find all matters of fact, and of the court to decide all questions of law arising thereon. But a jury has no right to assume the truth of any material fact, without some evidence legally sufficient to establish it. It is, therefore, error in the court to instruct the jury that they may find a material fact, of which there is no evidence from which it may be legally inferred. Hence the practice of granting an instruction like the present, which makes it imperative upon the jury to find a verdict for the defendant, and which has in many States super-

seded the ancient practice of a demurrer to evidence. It answers the same purpose, and should be tested by the same rules." See also *Clark's Administrator* v. *Railroad Co.,* 36 Mo. 217; *Boland* v. *Railroad Co.,* 36 Mo. 484.

If a plaintiff has no case in law, he has no business in court; and if a jury can find a verdict upon evidence that does not legally make out a case, they may find a verdict upon no evidence at all. Unless the rule that the burden is on the plaintiff to make out his case is to be disregarded; unless it is to be presumed, independently of law and of evidence, that the plaintiff has a good case against any defendant whom he may choose to sue, the court must direct, and make effectual the direction, that there is nothing for the jury to pass upon. There is an appropriate way for the plaintiff to preserve every legal right the law allows him; and more than his legal rights he cannot obtain by insisting that the jury may say he has a case when the law has said he has none.

A trial by jury is intended to be the serious determination of a real issue of fact, and not a farce. But it is not easy to imagine a spectacle more absurd, or better calculated to bring the proceedings of courts of justice into contempt, than the spectacle of counsel arguing a case to a jury when the court has instructed that there is no case to be argued; or the spectacle of a jury assuming to deliberate, when the judge has declared that there is no subject before them for deliberation.

If a plaintiff whose evidence shows he has no case may go to the jury, upon any occasion, then every plaintiff, whatever defect of testimony appears, may do so. Though the circumstances may be such that the defect is irreparable, yet, if the case is to be put to the jury, then the defendant has a right to present his evidence. Thus days, and perhaps weeks, may be consumed in trying what may be obviously a sham issue, presenting, when all the evidence is in, no question for a jury to pass upon. In large cities, where

the dockets of the courts are crowded, a longer postponement of cases may practically amount to a denial of justice to suitors ; yet we are asked to say that the public time may thus be consumed to no purpose, while litigants who have legal causes of action are waiting in vain to be heard.

The law sanctions no such inconsistency as that attributed to it. When such an instruction is granted, it is, as said by Mr. Justice Grier in the passage quoted, imperative for the jury to find a verdict for the defendant. The jury have nothing to deliberate upon, and there is no necessity or propriety in their either hearing argument, or retiring as if to deliberate. Their act is a mere form, and the verdict which they return under such circumstances is the result, not of any mental action of theirs, but of a process of law of which they happen to be the instrument. It is the judge who is responsible for the act ; and the jury are as much obliged to find a verdict, under the circumstances stated, as directed by the court, as they are to take their seats in the jury-box when called upon for the trial of a case. The form of the verdict may be drawn up in court, and the jury directed then and there to return it.

The cases of *The State, etc.,* v. *Rombauer,* 44 Mo. 590, and *The State, etc.,* v. *Knight,* 46 Mo. 83, have no application to the question here involved. The issues presented in those cases were actual issues, implying mental deliberation upon the part of the juries. The burden and responsibility of action rested, there, not upon the court, in the first instance, but upon the juries.

Nor are the cases cited to prove that the court cannot compel the plaintiff to take a nonsuit, in point. The plaintiff has a right to insist upon a verdict, but he has not a right to insist upon a verdict other than that which the law gives him. In *Clark's Administrator* v. *Railroad Co.* (*supra*), cited and relied upon by the relator, it is expressly said that where the evidence is insufficient in law, and the jury is instructed to find for the defendant, " in such case

there is nothing else for the jury to do." The respondent in the present case did not direct any nonsuit to be entered; nor, in fact, was any entered. The cases cited by the relator are not cases involving the proper practice upon a demurrer to evidence, but cases raising the question whether the action of the trial court in ordering an entry of nonsuit, against the will of the plaintiff, was correct. On an examination of the authorities cited in support of the rulings made in *Wells* v. *Gaty*, 8 Mo. 681, and *Clark* v. *Steamboat, etc.*, 9 Mo. 145, it will be found that these authorities have no reference to the practice where a demurrer to evidence, or an instruction to that effect, is permitted and sustained. In both these last cases Tidd's Practice is cited and relied on; but where it is stated by Tidd (2 Pr. *867, *869), "the plaintiff is in no case compellable to be nonsuited; and therefore, if he insist upon the matter being left to the jury, they must give in their verdict, which is general or special," the author, as appears from the context, has not only no reference to demurrers to evidence, which he treats of in another chapter of his work, but no reference to cases which turn upon questions of law. Thus, Tidd says (2 Pr. *867): "And if it be clear that in point of law the action will not lie, the judge at *Nisi Prius* will nonsuit the plaintiff, although the objection appear on the record, and might be taken advantage of by motion in arrest of judgment, or on a writ of error. But where the case turns on a question of fact, it ought to be submitted to the jury, unless the plaintiff's counsel expressly assent to his being nonsuited," etc. To the same effect, making the distinction between the questions of fact and law, are Lord Ellenborough, in *Sadler* v. *Robins*, 1 Camp. 256, where the plaintiff was called in spite of his strenuous contention that the objection appeared on the record; *Davis* v. *Hardy*, 6 Barn. & Cress. 225; and *Ward* v. *Mason*, 9 Price, 291, where Graham, B., said: "The judge has certainly a right to put the party out of court, whenever the case is once resolved into a pure question of

law.  On the other hand, it is the duty of the judge who
tries the cause to leave the case, if it turns on a question of
fact, to the jury.''  As it is said by the Supreme Court, in
*Clark* v. *Steamboat, etc.* (*supra*), that in this State we are
governed by the practice which prevailed at common law,
these authorities are entitled to consideration.  But, as above
remarked, the question of the power of the trial court to
direct a nonsuit is not here involved ; and these authorities
are cited merely as cumulative proofs of a proposition which
ought to need no proof to support it, — that where the
question resolves itself into a pure issue of law, as it does
on a demurrer presented, whether to a pleading or to evi-
dence, the jury has nothing to do with its decision.

The demurrer to the petition is sustained ; and, unless the
relator desires to plead over, final judgment will be entered
for the respondent.  All the judges concur.