**Leo A. POLITTE, Respondent,**

v.

**Charles F. ECKELKAMP and Betty A. Bueker, Personal and Legal Representatives of the Estate of Raymond B. Eckelkamp, Deceased; Defendants-Respondents**

**Gertrude B. Schroeder and Ralph H. Schroeder, Defendants-Appellants.**

**No. 49250.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 18, 1986.

Rehearing Denied March 19, 1986.

William W. Eckelkamp, Eckelkamp, Eckelkamp, Wood & Kuenzel, Washington, for defendants-respondents.

Edward L. Dowd, Dowd & Dowd, Inc., St. Louis, for defendants-appellants.

SIMON, Judge.

Appellants, Gertrude Schroeder and Ralph Schroeder, appeal from a judgment in favor of the respondents, Charles Eckelkamp and Betty Bueker, personal representatives of the Estate of Raymond Eckelkamp (Raymond), deceased, in a court tried interpleader action brought to determine ownership of a 57 acre parcel of land.

On appeal, appellants contend that the trial court erred in: (1) finding that the "Agreement and Covenant Not to Sue" of May 28, 1982 was a valid and enforceable contract; (2) finding that the appellants' recission of the "Agreement and Covenant Not to Sue" was without legal justification; (3) sustaining respondents' motion to dismiss appellants' first amended cross claim for failure to state a claim upon which relief could be granted; and (4) denying leave to file appellants' second amended cross claim. We reverse.

The essential facts are as follows: Marie Voss (testator) died testate at age 93 on November 18, 1981. On November 25, 1981, a will dated February 6, 1981 was admitted to probate. The will made several small specific bequests with the rest and residue to Gertrude Schroeder, her sister, who had lived with and cared for testator for the 14 years prior to her death. Testator left nothing to her brother, Raymond Eckelkamp. However, an earlier will, dated January 6, 1981, left a 57 acre parcel to Raymond and another sister, in equal shares. Evidence at trial indicated that one reason for the revocation of the January will was an on-going dispute between testator and Raymond because Raymond refused to remove dynamite that he had stored adjacent to testator's property.

The plaintiff in the interpleader action, Leo Politte, was the attorney who prepared the February 1981 will and initiated the probate of the Marie Voss estate. Shortly after the will was filed for probate, Raymond notified Leo Politte that he was going to contest the will on the basis that the testator was of unsound mind. Leo Politte had represented Raymond for about forty years but had not actively represented him at the time of testator's death nor for a few years prior thereto. William Eckelkamp (Raymond's attorney) represented Raymond in this matter and completed a petition to contest the will on April 23, 1982. He sent a copy of the petition to Politte that day and retained the original and other copies in his file. Between the time Raymond's attorney sent the copy to

Politte on April 23, 1982 and May 6, 1982 numerous discussions between he and Politte were held in an effort to avoid a will contest through a settlement. When no agreement was reached by May 6, 1982, Raymond's attorney prepared and transported the original petition, copies, notice and filing fee to Union, Missouri with the intent to file the contest with the Franklin County probate court. Because of renewed settlement discussions, he did not file the petition that day. The discussions resulted in the Agreement and Covenant Not to Sue (agreement), which was prepared by Raymond's attorney. The agreement provided that Raymond would pay the sum of $1400 to Gertrude Schroeder in the event that no person instituted an action to contest the Voss will. The $1400 was to be held in escrow until the last day to file a will contest had passed. The agreement further provided that Gertrude Schroeder was to convey a deed to 57 acres of land to Raymond and that Raymond would refrain from filing a will contest. The agreement provided that should anyone file a will contest, this agreement shall be void and of no further force and effect. The agreement was executed by Raymond on May 28, 1982 and sent to Politte along with a copy of a personal check in the amount of $1400 which he was to hold in escrow.

Politte contacted Gertrude Schroeder and Ralph Schroeder about the agreement. Gertrude knew of Raymond's intentions to contest the will and of the negotiations to reach a settlement. However, she did not know of the actual terms proposed nor did she know what she was to sign until her meeting with Politte in his office on May 28, 1982. Politte spoke with the appellants for approximately forty-five minutes. He told them that if Gertrude did not sign immediately there would be a will contest. He also told them that a will contest could be very expensive and time consuming and that Gertrude could die prior to completion of the litigation. Both Gertrude and Ralph were against execution of the agreement. However, Ralph agreed to sign and advised his mother to do the same out of concern for her well-being after noticing that the meeting had her physically shaken. Gertrude also signed a warranty deed pursuant to the agreement. Both documents were left with Politte.

The next day, May 29, 1982, Ralph Schroeder returned to Politte's office and advised him that he and his mother wanted to rescind the agreement because they were intimidated and coerced into signing the agreement. Politte advised Schroeder that he represented the Voss estate, not Schroeder's mother and advised him to seek advice from independent counsel. The Schroeders thought that Politte was representing their interests. On June 8, 1982, Ralph Schroeder delivered a letter to Raymond. The letter renounced the agreement signed on May 28, 1982. Raymond read the letter in Schroeder's presence and attempted to return it to Schroeder. Schroeder would not accept the letter.

Raymond notified his attorney of the attempted recission and delivered the letter to him on June 9, 1982. On that same day, Raymond's attorney lodged with the Clerk of the Circuit Court of Franklin County a petition to contest the will, together with the necessary notice, copies, and fee. Raymond's attorney testified that he went to the court house late in the day on June 9, 1982 to check the filings to determine whether a will contest had been instituted. He stated that upon finding that no contest had been filed, he waited until everyone in the clerk's office was ready to leave at day's end and then asked the clerk "if I could leave it with him, that I did not want it filed, but that I wanted it lodged and would want it filed if any other will contest was filed between 4:30 and midnight that night." He testified that no other will contest was filed and that he returned within a few days to pick up the petition, notice, copies, and filing fee. He stated that he took this action because in his opinion he would forever be prevented from filing a will contest because June 9, 1982 was 6 months from the date of first publication of the will.

On June 10, 1982, Raymond's attorney attempted to exchange the $1400 escrow

check for the deed to the 57 acres of land. Politte testified that he would not accept the check nor did he surrender the deed because he had been notified that one of the parties did not deem the contract a valid agreement. Instead, Politte filed this interpleader action and prayed the court to determine to whom the deed should be delivered. The court found in favor of the Raymond's estate and held that the "Agreement and Covenant Not to Sue" of May 28, 1982 was a valid and enforceable contract and that the appellants' attempt to rescind was without legal justification. It is from this judgment that this appeal is taken.

In their brief appellants allege several points of error, however, we shall limit our discussion to the appellants' first point because this contention is dispositive of this appeal. In that point, appellants contend that the agreement is void for want of consideration on the part of respondents. In support of this contention, the appellants contend that Raymond's attorney's actions on June 9, 1982 constituted a valid filing of a will contest under Sec. 473.083.1, RSMo 1978. They argue that refraining from filing a will contest was significant consideration and conclude that Raymond violated the agreement to refrain from filing any action to contest the Marie Voss will and that the agreement is void and of no further force and effect. Accordingly, we must determine whether Raymond's attorney's actions on June 9, 1982 constituted a filing of a will contest, keeping in mind that we shall not disturb the court's judgment unless it lacks substantial evidentiary support, is against the weight of the evidence, or erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

In the early case of *Swainson v. Bishop*, 52 Mo. 227, 228 (1873), our Missouri Supreme Court, in construing the procedure of filing, stated that, "When the undertaking is presented, the clerk must file it; he has no discretion and merely acts in a ministerial capacity." In a subsequent case, *Grubbs v. Cones*, 57 Mo. 83, 84 (1874), our Supreme Court determined that:

"The filing is the actual delivery of the paper to the clerk without regard to any action that he may take thereon. If the clerk commits a clerical error, or makes a mistake in reference to the time at which he received the paper, that will not make any difference. He may indorse upon it the wrong date, or an impossible date, and still the real date of the filing will be the same."

These cases have considered factual situations in which the clerk has failed to act or has performed his duties errantly. The case before us presents a unique factual situation in which we are asked to determine whether the petition shall be considered filed when it, together with the necessary copies, notice, and filing fee are delivered to the clerk of the court with special instructions to the clerk not to file the petition unless a specified event occurs.

The record indicates that on June 9, 1982 Raymond's attorney lodged with the clerk of the court a petition to contest the will, notice to the probate court, the necessary copies, and filing fee. He left the documents with instructions not to file the petition, unless another petition to contest the will was filed before midnight, June 9, 1982. The clerk of the court is an officer of the court and does not act independent of the court, but assists in the business and administration of the court. *See* Mo. Const. Art. V., Sec. 4.2, Sec. 22 RSMo 1978, Sec. 477.005 RSMo 1978 (Supreme and Appellate Court personnel); Art. V, Sec. 15.4 RSMo 1978, Sec. 478.240.2 RSMo 1978 (Circuit Court personnel); Art. V, Sec. 23 RSMo 1978, Sec. 479.060 RSMo 1978 (Municipal Court personnel). *See also State ex rel. Henson v. Sheppard*, 192 Mo. 497, 91 S.W. 477, 482–83 (1905). If the clerk of a court were permitted to act on the instructions of one of the parties in an adversarial action, the scales of justice would be tipped in favor of that party. Courts have a duty to act impartially. The clerk, as an arm of the court, must also satisfy this duty. In so doing, a clerk cannot act as an agent for either party. Thus, following the rationale of the cases construing the meaning of

filing as depositing necessary papers and fee with the clerk without regard to his action on them, we hold that where a party lodges a petition with necessary copies, notice, and filing fee with the clerk of a court, those papers are filed, regardless of a party's instructions in regard thereto.

Although this result may be harsh, the logic and reasoning that dictates it is consistent with the philosophy espoused by our constitution and statutes. The clerk cannot act on behalf of any party. If, for instance, upon leaving the petition with the clerk, it was inadvertently filed by the clerk against that party's instructions, then should we consider it to be legally filed or otherwise? On the other hand, if after receiving the petition with similar instructions as herein, tragedy befalls the clerk on the way home, and another will contest is then filed with a deputy clerk, should the petition be considered filed? To engage in this type of process would subject the judicial system to a constant barrage of questions as to the filing procedure and undermine its impartiality. Here, we find the result, although harsh, to be a necessary ingredient in effective impartial judicial proceedings.

Thus, we find the agreement was violated when the will contest was filed on June 9, 1982, and the agreement by its terms was void and of no further force and effect. Accordingly, the trial court misapplied the law and the judgment is reversed and cause remanded for further proceedings consistent with this opinion.

KAROHL, P.J., and GARY M. GAERTNER, J., concur.